IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUMMIT MANUFACTURING CORP,   )
                              )
            Plaintiff,        )
                              )   CIVIL ACTION
v.                            )
                              )   No. 10-2348-KHV
SNORKEL INTERNATIONAL, INC.,  )
   et al.,                    )
                              )
            Defendants.       )
_____)

## MEMORANDUM AND ORDER

On June 23, 2010, plaintiff filed this diversity action against Snorkel International, Inc., and The Tanfield Group PLC., asserting state law claims for breach of contract, quantum meruit and restitution. This matter is before the Court on plaintiff's <u>Motion For Default Judgment Against Snorkel International, Inc.</u> (Doc. #7) filed July 28, 2010 and Snorkel International, Inc.'s <u>Unopposed Motion To Set Aside The Clerk's Entry of Default</u> (Doc. #8) filed August 4, 2010. Ordinarily, the Court grants uncontested motions as unopposed. <u>See</u> <u>Nazar v. Wolpoff & Abramson, LLP</u>, 530 F. Supp.2d 1161, 1165 (D. Kan. 2008)(citing D. Kan. Rule 7.4).[1] For that reason and for reasons set forth below, the Court finds that Snorkel's motion should be sustained and that plaintiff's motion should be overruled.

## Factual Background

On June 25, 2010, Diane Schafer, a receptionist for Snorkel, received a copy of the summons and complaint and delivered them to Snorkel's resident agent and Chief Financial Officer, Ron

---

[1] Kan. Rule 7.4 provides in part: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice."

Layfield. Shortly after that, Snorkel terminated Layfield's employment for reasons unrelated to this lawsuit. Meanwhile, David Smith – the Snorkel employee who normally handles such matters – was on vacation. On July 22, 2010, plaintiff asked for an entry of default. On July 27, 2010, the Clerk issued an entry of default. See Doc. #6. On July 29, 2010, plaintiff filed a motion for default judgment. That same day, Snorkel's counsel (while working on a separate matter for Snorkel) noticed the entry of default and motion for default judgment against Snorkel in this case. Snorkel's counsel immediately informed Snorkel of the entry of default and motion for default judgment. On August 2, 2010, Snorkel's counsel conferred with Smith and immediately contacted plaintiff's counsel. Given the circumstances, plaintiff's counsel indicated that plaintiff would not object to a motion to set aside the entry of default.

Under Rule 55(c), Fed. R. Civ. P., the Court may set aside an entry of default for good cause shown. The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because the preferred disposition of any case is on the merits. Crutcher v. Coleman, 205 F.R.D. 581, 584 (D. Kan. 2001). The principal factors for setting aside an entry of default under Rule 55(c) are (1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default is set aside and (3) whether defendant has presented a meritorious defense. Clelland v. Glines, No. 02-2223-KHV, 2003 WL 21105084, *3 (D. Kan. Apr. 11, 2003) (citing Dennis Garberg & Assocs., Inc. v. Pack Tech Int'l Corp., 115 F.3d 767, 775 n. 6 (10th Cir. 1997)). These factors are not "talismanic" and the Court may consider other factors. Crutcher, 205 F.R.D. at 584.

The Court first considers whether the default was due to culpable conduct on the part of defendant. Generally, a defendant's conduct is considered culpable if it has defaulted willfully or

has no excuse for the default. United States v. Timbers Preserve, Routt County, Colo., 999 F.2d 452, 454 (10th Cir. 1993). Defendant asserts that it did not timely appear and defend in this action because the resident agent who received service was fired and apparently did not pass on information about the lawsuit. The Court finds that defendant did not wilfully default.

As for the second factor, plaintiff does not object to setting aside the default. Further, the lawsuit is in the early stages. The Court therefore finds that plaintiff will not be prejudiced if the Court sets aside the entry of default.

Regarding the third factor, defendant asserts that it has meritorious defenses related to the amount of plaintiff's claims, as well as possible defenses concerning the nature and quality of goods that plaintiff provided to defendant under the contract at issue. Although defendant has not set out such defenses in detail, the Court notes that counsel has had very limited time to evaluate the case.

After considering all of the relevant factors and mindful of the liberal standard, the Court elects to set aside the entry of default.

**IT IS THEREFORE ORDERED** that defendant Snorkel International, Inc.'s Unopposed Motion To Set Aside The Clerk's Entry of Default (Doc. #8) filed August 4, 2010 be and hereby is **SUSTAINED**. **IT IS FURTHER ORDERED** that plaintiff's Motion For Default Judgment Against Snorkel International, Inc. (Doc. #7) filed July 28, 2010 be and hereby is **OVERRULED**.

Dated this 16th day of August, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge